**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| TIFFANY WASHINGTON DAVIS,<br>14208 Kenlon Lane<br>Accokeek, MD 20607<br>Prince George's County<br><br>**Plaintiff**<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>950 Pennsylvania Ave NW<br>Washington, DC 20530<br><br>**Defendant** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No. 8:18-cv-02852

## **COMPLAINT**

COMES NOW the Plaintiff, Tiffany Washington Davis, by and through her counsel Chaya Kundra, Esq. of Kundra & Associates, and as a basis for her Complaint alleges as follows:

### **I.    PARTIES**

1. The Plaintiff, Tiffany Washington Davis (hereinafter "Davis") is a resident of the State of Maryland with her principal residence at 14208 Kenlon Lane, Accokeek, MD 20607.

2. The Defendant is the United States of America.

### **II.    JURISDICTION AND VENUE**

3. This suit is arising under the laws of the Internal Revenue Code for the refund of civil penalties erroneously assessed against and collected from the Plaintiff for tax years 2010, 2011 and 2012 under 26 U.S.C. § 6694(b).

4. Jurisdiction is conferred upon this Court by virtue of 28 U.S.C. Section 1346(a)(1).

5. Venue in this district is proper under 28 U.S.C. §§1391(e).

## III. STATEMENT OF CLAIMS

### COUNT I – Davis v. United States of America

6. Plaintiff's business records concerning tax filings for Plaintiff's tax preparation business were taken by the IRS in April of 2012.

7. Correspondence dated December 9, 2016 advised your Plaintiff that the IRS was "reviewing the preparation of the return(s)" and that in doing so, the IRS "want[s] to review the files and records you used to prepare the tax return(s)." Further, that the Plaintiff was to "bring all relevant documents, including, but not limited to, worksheets, interview notes, correspondence and a copy of the return(s) you prepared for your client." *See, Exhibit A*. This was a substantively difficult task for Plaintiff to fulfill as the records seized by the IRS four years prior had not been returned. Additionally, Plaintiff's company's document retention policy was to purge records after three years.

8. On December 19, 2016 the IRS prepared Form 5816 where it determined that Plaintiff should be held responsible for civil penalties under 26 U.S.C. § 6694(b) as a preparer for the understatement of tax due to willful or reckless conduct.

9. Despite her best efforts, your Plaintiff was bereft of said records which made her protest of the proposed/assessed penalties extremely difficult given that she was unable to address the basis of the IRS' determination.

10. According to IRS account transcripts, the penalty that gives rise to this matter was assessed against Plaintiff on April 10, 2017 for each of the tax years 2010, 2011 and 2012 in the amounts of $55,000, $50,000 and $10,000, respectively.

11. On or about August of 2017, Plaintiff was advised by an IRS Examining Officer to file a claim for refund to secure the return of the requisite business records.

12. On or about September of 2017, Plaintiff filed her claim for refund in accordance with §§ 6694 and 6696 of the Internal Revenue Code. Her claim for refund was filed without the benefit of said records which made her response to the penalty application difficult to resolve.

13. The IRS subsequently filed a levy on Plaintiff's bank account at Bank of America on May 7, 2018.

14. The Internal Revenue Service civil and income tax transcripts do not identify a claim for refund being filed by the Plaintiff.

15. The Internal Revenue Service seized Plaintiff's income tax refunds for tax years 2016 and 2017.

16. From Internal Revenue Service letter dated July 23, 2018, the IRS "certified to the State Department that your debt is seriously delinquent" and the repercussions of the same would prevent the issuance or renewal of her passport.

17. On August 14, 2018, from its letter attached and incorporated herein as Exhibit B, the Internal Revenue Service denied your Plaintiff's claim for refund without stating a reason therefor and advised that this underlying suit is the manner in which to protest the IRS' determination.

18. As grounds for recovery, Plaintiff makes the following statements:

    (a) Your Plaintiff has been preparing tax returns since 2007. She is a graduate from the University of Maryland, College Park with a Bachelor of Science degree in Accounting

and a Master's degree in Accounting and Business/Management.  She also earned her Associate of Science degree in Accounting from the College of Southern Maryland.

      (b)      In 2007, Plaintiff opened Washington Accounting Service, Inc. in Waldorf, Maryland.

      (c)      In her tax preparation practice, Plaintiff implemented the use of tax questionnaires, third party tax information and documentation completed and/or provided by her clients which she relied upon in preparing their tax returns.

      (d)      The taxpayers/clients whose tax return preparation served as basis for assessment of the stated penalties against Plaintiff completed the taxpayer questionnaires and provided the requisite documentation upon which Plaintiff relied in preparing their tax returns.

      (e)      Plaintiff would review and prepare the returns for filing.  Plaintiff's clients were then presented with the completed tax returns and the opportunity to discuss the same prior to submission to the IRS.  Plaintiff's clients approved the returns prior to filing.

      (f)      Plaintiff relied in good faith upon information furnished by her clients through the tax questionnaires and third-party information.

      (g)      Plaintiff did not understand herself to be held to a standard to independently verify the information provided by the Client.  Your Plaintiff moreover and nonetheless, made reasonable inquiries where information appeared incomplete with regard to returns/information to prepare the returns giving rise to this liability.

19.      As Plaintiff was not able to protest the filing of the penalty given the seizure of business records and the length of time it took the government to return the same, she

encountered undue hardship in loss of business, reputation and costs in defending against the IRS' unreasonable collection actions.

20.     Plaintiff's preparation of the returns at issue did not result in an understatement due to willful or reckless conduct by Plaintiff.  The assessment and collection of penalties and related interest were erroneous.

WHEREFORE, Plaintiff prays that this Court:

A.      Renders a judgment in favor of Plaintiff and against the United States in that the wrongful assessment of civil penalties against Plaintiff is rescinded and the refund for collected amounts is effected.

B.      Grant such other and further relief as the Court deems just and equitable.

Respectfully submitted,

**DATE**: September 13, 2018

/s/ Chaya Kundra
CHAYA KUNDRA
Kundra and Associates, P.C.
110 North Washington St., Suite 406
Rockville, MD 20850
Telephone: 301.424.7585
Fax: 301.424.7047
E-Mail: ckundra@kundrataxlaw.com
*Counsel for Defendant*

/s/ Alla Cates
ALLA CATES
Kundra and Associates, P.C.
110 North Washington St., Suite 406
Rockville, MD 20850
Telephone: 301.424.7585
Fax: 301.424.7047
E-Mail: acates@kundrataxlaw.com
*Counsel for Defendant*