IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| **TIFFANY WASHINGTON DAVIS,** | * | |
| **Plaintiff,** | * | |
| v. | | Case No.: GJH-18-2852 |
| | * | |
| **UNITED STATES OF AMERICA,** | | |
| | * | |
| **Defendants.** | | |
| | * | |

* * * * * * * * * * * * *

**MEMORANDUM OPINION**

Plaintiff Tiffany Washington Davis, the founder of a tax preparation business called Washington Accounting Service, Inc., was penalized $115,000 by the Internal Revenue Service ("IRS") pursuant to 26 U.S.C. § 6694(b) for the understatement of tax due to willful or reckless conduct occurring during the tax years of 2010, 2011, and 2012. Plaintiff filed this lawsuit challenging the validity of these penalties. Defendant United States of America filed a Motion to Dismiss for lack of subject matter jurisdiction, claiming that Plaintiff's failure to make full payment of her tax penalties bars her from bringing a lawsuit in federal court. ECF No. 10. Plaintiff opposes this motion, claiming that her full-payment of a divisible tax establishes jurisdiction or, alternatively, that she has cured her jurisdictional defects. ECF No. 11. No hearing is necessary. See Loc. R. 105.6 (D. Md. 2016). For the following reasons, Defendant's Motion to Dismiss is granted.

I.     BACKGROUND

On April 10, 2017, the IRS assessed penalties of $55,000, $50,000, and $10,000 against Plaintiff for the tax years of 2010, 2011, and 2012, respectively. ECF No. 1 ¶ 10. On May 7, the

IRS filed a levy on Plaintiff's bank account, and subsequently seized her income tax refunds for tax years 2016 and 2017. *Id*. ¶¶ 13, 15. In September 2017, Plaintiff filed a claim for a refund of the amount of the penalty paid pursuant to § 6694(c). *Id*. ¶ 12. On August 14, 2018, the IRS denied the claim for a refund. *Id*. ¶ 17.

**II.     DISCUSSION**

A federal court must have subject-matter jurisdiction to decide a matter before it. *Lightfoot v. Cendant Mortg. Corp.*, 137 S.Ct. 553, 562 (2017). If it does not, then the court must dismiss the case. Fed. R. Civ. P. 12(b)(1). In a facial challenge to subject-matter jurisdiction such as this one, a court must determine if the complaint fails to allege facts upon which subject-matter jurisdiction can be based. *See Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). The Court is to "regard the pleadings' allegations as mere evidence on the issue," and applies "the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." *Richmond*, 945 F.2d at 768.

The United States is immune from suit except when Congress has "unequivocally expressed" its consent to be sued. *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33 (1992). Where that consent is absent, federal courts have no jurisdiction to consider claims against the United States. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Congress has granted consent to be sued by those seeking a refund of return preparer penalties. 28 U.S.C. § 1346(a)(1) (granting jurisdiction to district courts over "any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws"). But generally speaking, Congress has not consented to be sued over the abatement of unpaid penalties; full payment of a tax penalty is typically a jurisdictional

prerequisite to suit. *See Flora v. United States*, 362 U.S. 145, 146 (1960). Congress has enacted a specific exception to the full-payment rule where: (1) "within 30 days after the day on which notice and demand of any penalty . . . is made against a person who is a tax return preparer, such person pays an amount which is not less than 15 percent of the amount of such penalty and files a claim for refund of the amount so paid," and (2) the refund suit is filed within thirty days of the earlier of either the denial of the claim or six months from the filing of the claim. 26 U.S.C. § 6694(c)(1-2). Plaintiff did not file her claim with the IRS until September of 2017, more than four months after the tax penalty was assessed against her. Furthermore, the refund suit was filed on September 13, 2018, approximately one year after the filing of the claim. Therefore, Plaintiff meets neither of the statutory conditions for the exception to the full-payment rule.[1]

However, Plaintiff contends that the tax at issue is divisible, meaning the *Flora* full-payment rule would be satisfied in this case. In *Flora*, the Supreme Court suggested that where a tax assessment is "divisible," such as an excise tax that is levied on multiple transactions or events, payment of a single instance of this tax may be sufficient to satisfy the full-payment rule. *Flora*, 362 U.S. at 175 n 38; *see also Anglemyer v. United States*, 115 B.R. 510, 512 (D. Md. 1990) ("Hence, jurisdiction for a tax refund suit may be obtained by paying only the liability with regard to any divisible part of the total assessment."). No court has determined whether penalties assessed pursuant to § 6694(b) are divisible, and the Fourth Circuit has provided no guidance on what constitutes a divisible tax.

Multiple Circuit Courts of Appeals have articulated that the purpose behind the divisible tax exception is to settle the question of the validity of the entire tax assessment against the

---

[1] Plaintiff contends that she has "cured" her failure to comply with these statutory requirements by making payment, even outside of the bounds of the time limits prescribed by the statute. This "cure" has no basis in law, as no authority allows the Court to ignore the time limits imposed by 26 U.S.C. § 6694(c)(1-2).

taxpayer. *See Cencast Servs., L.P. v. United States*, 729 F.3d 1352, 1366 (Fed. Cir. 2013); *University of Chi. v. United States*, 547 F.3d 773, 785 (7th Cir. 2008); *Boynton v. United States*, 566 F.2d 50, 52 (9th Cir. 1977); *Lucia v. United States*, 474 F.2d 565, 576 (5th Cir. 1973); *Steele v. United States*, 280 F.2d 89, 91 (8th Cir. 1960). Therefore, a tax is only divisible where the resolution of one tax dispute will necessarily determine the outcome for each of the other tax disputes. *See Cencast*, 729 F.3d at 1366.

Each of the tax penalties levied on Plaintiff assert that she willfully or recklessly prepared separate tax returns that contained understatements of liability. ECF No. 1 ¶ 8. The merits of each of these penalties must be evaluated individually as to understatement, willfulness, and/or recklessness. Therefore, the penalties cannot be said to be divisible; resolving one on the merits would still leave each remaining penalty to be resolved. Therefore, Plaintiff's tax penalties remain subject to *Flora*'s full-payment rule. Because Plaintiff has not made full-payment, no statute waives the United States' sovereign immunity from suit, and the Court lacks jurisdiction to consider Plaintiff's claims.

### III. CONCLUSION

Defendant's Motion to Dismiss, ECF No. 10, is granted. A separate order shall issue.

Date: <u>August  14, 2019</u>                              /s/                                                       
                                                                  GEORGE J. HAZEL
                                                                  United States District Judge